UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

VALERO RENEWABLE FUELS COMPANY, LLC,
One Valero Way
San Antonio, TX 78249,

and

VALERO MARKETING AND SUPPLY COMPANY,
One Valero Way
San Antonio, TX 78249,

      Plaintiffs,

  vs.

COBB SHIPPING SERVICE LLC,
315 Main Street
Rewey, WI 53580,

      Defendant.

Case No.

---

## COMPLAINT

Plaintiffs, Valero Renewable Fuels Company, LLC ("VRF") and Valero Marketing and Supply Company (together, "Valero"), for their Complaint against Defendant, Cobb Shipping Service LLC, allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff VRF is a limited liability company organized under the laws of Texas. The sole member of VRF is a Delaware corporation with its principal place of business in Texas. As such, VRF is a citizen of Delaware and Texas.

2.    Plaintiff Valero Marketing and Supply Company is a Delaware corporation with its principal place of business in Texas.

3. Defendant Cobb Shipping Service LLC is a limited liability company organized under the laws of Wisconsin. Upon information and belief, Cobb's sole member is Robert Stivarius, a natural person who is domiciled in the State of Wisconsin.

4. Jurisdiction is proper under 28 U.S.C. § 1332 because both Plaintiffs are citizens of different states from the Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because, among other reasons, the Defendant resides in this judicial district and a substantial part of the events giving rise to this claim occurred in this judicial district.

## GENERAL ALLEGATIONS

6. Valero realleges and incorporates the above allegations as if fully set forth herein.

7. VRF owns and operates eleven ethanol plants in the United States, including one in Jefferson, Wisconsin.

8. Valero Marketing and Supply Company markets and sells various products including various feed products such as dried distillers grains with solubles (or DDGS) for VRF.

9. On March 24, 2014, Valero and Cobb and Cobb executed a Carrier Access Agreement (the "Agreement") whereby Cobb agreed to deliver to and/or pick up from VRF's facilities various non-ethanol feedstock and other products.

10. Pursuant to the Agreement, Valero gave Cobb access to its Jefferson facility, among others.

11. In the Agreement, Cobb agreed that it "will be liable for the acts and omissions of its designated drivers at the Plants, including, without limitation, theft, vandalism, and other property damage."

12. On January 29, 2015, a truck driver employed by Cobb picked up a load of syrup from VRF's Jefferson plant, as authorized by Cobb and Valero pursuant to the Agreement.

13. As he was exiting the plant, Cobb's driver drove the truck into the administration building of the Jefferson plant, causing damage to the building.

14. Upon information and belief, the driver experienced a medical issue at some point during the incident, but Valero is unaware of the precise point in time during the incident when the medical issue occurred.

15. Valero incurred substantial expenses in repairing the damages that Cobb caused to VRF's property.

16. Valero has paid $278,708.30 to repair the damages caused to the Jefferson plant.

17. Valero has informed Cobb in writing of the damages incurred and demanded, several times, that Cobb reimburse Valero for the damages sustained.

18. To date, Cobb has not paid Valero any sum for the damages incurred.

19. To date, Cobb has refused to pay Valero any of the sums demanded.

## COUNT I:  BREACH OF CONTRACT

20. Valero realleges and incorporates the above allegations as if fully set forth herein.

21. The Agreement between Cobb and Valero is a valid contract.

22. A driver employed by Cobb, while acting in the scope of his employment, caused property damage to the administration building of VRF's Jefferson plant.

23. By damaging VRF's Jefferson plant and by refusing to reimburse Valero for the costs that Valero incurred to repair the damage, Cobb breached the Agreement.

24. Cobb's breaches have damaged Valero.

25. Valero is entitled to damages from Cobb in an amount to be determined at trial, but no less than $278,708.30.

WHEREFORE, Plaintiffs hereby request the following relief:

A. Judgment in their favor against Cobb Shipping Service LLC;

B. Damages in an amount to be determined at trial, but no less than $278,708.30;

C. Costs and attorneys' fees as provided by contract or at law; and

D. Such other relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiffs hereby request a jury of 12 persons on all claims and issues so triable.

Dated this 26th day of May, 2016.

**MICHAEL BEST & FRIEDRICH LLP**

By:   s/Aaron S. Kastens
Aaron H. Kastens, SBN 1045209
ahkastens@michaelbest.com
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
Phone: 414.271.6560
Fax: 414.277.0656

Attorneys for Plaintiffs
Valero Renewable Fuels Company, LLC and
Valero Marketing and Supply Company